Matter of C.F. v Miles-Gustave (2025 NY Slip Op 06270)

Matter of C.F. v Miles-Gustave

2025 NY Slip Op 06270

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 450635/24|Appeal No. 5168|Case No. 2024-06303|

[*1]In the Matter of C.F., Petitioner,
v
Suzanne Miles-Gustave etc., et al., Respondents.

Center for Family Representation, Inc., Jamaica (Mahum Shabir of counsel) for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Chloé K. Moon of counsel), for City respondent.
Letitia James, Attorney General, New York (Gillian Barna of counsel), for State respondent.

Determination of respondent New York State Office of Children and Family Services (OCFS), dated November 17, 2023, which, after a hearing, declined to amend and seal an indicated report of abuse and/or maltreatment of petitioner's child on the basis that petitioner's maltreatment of her own child is relevant and reasonably related to her employment in childcare, the adoption of a child, or the provision of foster care, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR 7804(g) (transferred to this Court by order of Supreme Court, New York County [Lyle E. Frank, J.], entered on or about October 15, 2024), unanimously dismissed, without costs.
Substantial evidence supports OCFS's determination regarding the relevance of the indicated report, which was completed by the New York City Administration for Children's Services after an investigation (see Social Services Law § 422 [8][c][ii]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The Administrative Law Judge noted that petitioner did not deny respondents' assertion that she smoked marijuana to such an extent that it caused her child to cough frequently, or that she became so angry and volatile that the child feared for her physical safety and ran away from the home. The ALJ also noted that petitioner was adamant that she was legally allowed to smoke marijuana in her home, and she appeared unwilling or unable to appreciate the risk that she posed to the child while doing so (see Matter of Velez v New York State Off. of Children, 157 AD3d 575, 576 [1st Dept 2018]). The ALJ appropriately applied this evidence to the OCFS factors that must be considered in determining whether maltreatment of petitioner's own child is relevant and reasonably related to the care of other children (see Matter of Fields v New York State Off. of Children & Family Servs., 198 AD3d 454, 455 [1st Dept 2021], lv denied 38 NY3d 904 [2022]).
We find no grounds for overturning OCFS's decision to credit the ACS's report over petitioner's testimony, as this decision turns on the parties' credibility (see Matter of Adalisa R. v New York State Off. of Children & Family Servs., 190 AD3d 436, 437 [1st Dept 2021]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025